IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| TIERONE CORPORATION, ) | |
| ) | CASE NO. BK10-41974-TLS |
| Debtor(s). ) | A11-4018-TLS |
| RICK D. LANGE, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 7 |
| ) | |
| vs. ) | |
| ) | |
| FEDERAL DEPOSIT INSURANCE ) | |
| CORPORATION as Receiver for ) | |
| TierOne Bank, ) | |
| ) | |
| Defendant. ) | |

REPORT & RECOMMENDATION

This matter is before the court on the defendant's motion for withdrawal of the reference of this adversary proceeding to the bankruptcy court (Fil. No. 6) and resistance by the plaintiff (Fil No. 18). Brian S. Kruse represents the plaintiff Chapter 7 trustee, and Robert J. Bothe and Robert P. Diederich represent the defendant receiver. Evidence and briefs were filed and the motion was taken under advisement without oral arguments.

I recommend to the United States District Court for the District of Nebraska that the motion be granted.

I. Background

TierOne Corporation is a holding company that holds all of the stock of TierOne Bank. On June 4, 2010, TierOne Bank was closed by bank regulators due to its insufficient capital and substantial loan losses. The Federal Deposit Insurance Corporation ("FDIC") was appointed receiver. TierOne Corporation filed for Chapter 7 bankruptcy relief on June 24, 2010, and Rick D. Lange was appointed trustee.

Thereafter, the trustee filed a proof of claim in the receivership on behalf of the debtor. The claim was based on intercompany loans, "downstream payments," a loan participation agreement, tax refunds, breaches of fiduciary duties, and intercompany receivables. The FDIC denied the claim. The trustee then filed a lawsuit in the United States District Court of the District of Columbia to obtain a judicial review of the disallowed claim. On the same date, the trustee filed in this court the adversary proceeding presently under consideration, seeking a declaration that certain tax refunds are property of the bankruptcy estate and the turnover of those refunds.

The FDIC seeks to have this adversary proceeding transferred to the D.C. court because both lawsuits involve the same claims, which the FDIC argues statutorily deprives the bankruptcy court of jurisdiction.

II. Facts

The following facts are established by the evidence:

1. On October 2, 2002, TierOne Corporation and TierOne Bank executed a tax allocation agreement in which they expressed a desire to continue filing consolidated federal income tax returns and "formalize the method for allocating the consolidated tax liability of" the parent corporation and its subsidiaries "among its members and establish the procedure for future payments to [TierOne Corporation] of such tax liability attributable to" TierOne Bank.

2. On September 3, 2010, after the bank was placed in receivership and after the corporation had filed bankruptcy, the Chapter 7 trustee filed a claim with the receiver for an undetermined amount estimated to be nearly $428 million. The claim was based, inter alia, on promissory notes and avoidable transfers between the parties, breaches of fiduciary duties, expenses of the bank that were paid by the corporation, and the 2008 federal tax refund of $21 million and expected 2009 federal tax refund of $26 million, which the trustee asserts resulted from the corporation's carry-back losses and should have been directed to the corporation for distribution.

3. On January 7, 2011, the FDIC disallowed the claim in full because it had not been proven to the receiver's satisfaction.

4. On March 4, 2011, the trustee filed a complaint under the Federal Deposit Insurance Act in the United States District Court for the District of Columbia to obtain judicial determination of his claims pursuant to 12 U.S.C. § 1821(d)(6). The complaint contained eight claims for relief: avoidance of fraudulent transfers under 11 U.S.C. § 548; avoidance of fraudulent transfers under the Nebraska Uniform Fraudulent Transfer Act; avoidance of preferential transfers under 11 U.S.C. § 547; a declaration that TierOne Corporation owns the tax refunds; breach of the tax allocation agreement; turnover of the tax refunds; recovery of avoidable transfers; and recovery of property of the bankruptcy estate.

5. In that complaint, the trustee made clear that his position regarding the tax refunds is that they are property of the bankruptcy estate and therefore are not subject to the receiver's administrative claims process, but out of an abundance of caution, the trustee included the tax refunds in his proof of claim and in the district court complaint.

6. On March 4, 2011, the trustee filed an adversary complaint seeking a declaration that the tax refunds are property of the bankruptcy estate and an order that they be accounted for and turned over to him.

7.  On October 28, 2010, the receiver filed a proof of claim in TierOne Corporation's bankruptcy case for, inter alia, the amount of the 2008 and 2009 tax refunds.

8.  The 2008 tax refund is in the receiver's possession.

9.  The trustee and the receiver entered into a court-approved stipulation to file consolidated tax returns. The tax return for the 2009 tax year was filed in September 2010.

10.  The 2009 tax refund was deposited into an account created by agreement of the trustee and the receiver and approved by the bankruptcy court.

11.  In the district court case, the FDIC's motion to dismiss it in its corporate capacity and the trustee's motion to stay proceedings regarding the tax-related claims until this court has made a decision are currently pending.

III. Discussion

The FDIC filed this motion to withdraw the reference of this adversary proceeding in order to ultimately transfer the case to the District of Columbia district court. It argues that reasons exist for both mandatory and permissive withdrawal. First, the FDIC maintains that mandatory withdrawal is required under 28 U.S.C. § 157(d) because "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Second, the FDIC asserts permissive withdrawal is necessary to prevent the inefficient use of judicial resources that would occur if both cases were litigated in separate courts.

The "other law" affecting these cases includes tax law and the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), which was passed in response to the federal savings and loan crisis in the 1980s to provide stronger oversight and regulation to financial institutions. Among other things, it provides for the installation of the FDIC as receiver to wind up or liquidate insured federal depository institutions, 12 U.S.C. § 1821(d), with a broad range of powers by which to accomplish those ends.

Courts tend to take a narrow view of the mandatory withdrawal provision of § 157(d) because to hold otherwise "would eviscerate much of the work of the bankruptcy courts." *Wittes v. Interco Inc.*, 137 B.R. 328, 329 (E.D. Mo. 1992) (quoting *O'Connell v. Terranova (In re Adelphi Inst., Inc.)*, 112 B.R. 534, 536 (S.D.N.Y. 1990)). The bankruptcy court must relinquish the case only if resolution of the claims will require "substantial and material consideration" of statutes outside of the Bankruptcy Code. *Wittes* at 329 (quoting *In re White Motor Corp.*, 42 B.R. 693, 705 (D. Ohio 1984)).

Permissive withdrawal under § 157(d) for "cause shown" is appropriate where a case pending in bankruptcy court and a case pending in the district court involve common issue of law and fact, providing practical reasons for consolidating them. *In re H & W Motor Express Co.*, 343 B.R. 208, 216 (N.D. Iowa 2006).

In both of the present cases, the issue regarding the tax refunds turns on which entity owns those refunds. That finding will hinge on the court's interpretation of the tax allocation agreement, which will involve consideration of a 1998 FDIC "policy statement on income tax allocation in a holding company structure" as well as the seminal parent-subsidiary refund allocation case of *Western Dealer Mgmt., Inc. v. England (In re Bob Richards Chrysler-Plymouth Corp.)*, 473 F.2d 262 (9th Cir.1973), and, likely, other aspects of tax and banking law.

Mandatory withdrawal is required when the case necessitates "substantial and material consideration" of non-bankruptcy law. The standard generally requires some degree of "interpretation" of non-bankruptcy law, as opposed to its mere "application." *Snodgrass v. New Century Mortg. Corp.*, 358 B.R. 675, 679 (S.D.W. Va. 2006) (citing *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949 (7th Cir. 1996) and *City of New York v. Exxon Corp.*, 932 F.2d 1020 (2d Cir. 1991)). While the adjudication of bankruptcy cases necessarily involves the application of other areas of law – contract law or commercial law, for example – the decision on the tax allocation agreement appears to involve more than the routine application of existing law. For that reason, the D.C. district court is in a better position to rule on the trustee's claims.

The trustee characterizes the overlapping issue in both cases as one involving property of the bankruptcy estate. The matter of determining whether property is property of the estate, and if so, ordering it turned over to the debtor, is a core bankruptcy proceeding. 28 U.S.C. § 157(b)(2)(E). The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of the property of the estate. 28 U.S.C. § 1334(e)(1). However, in this case, the outcome will depend more on contract law than on the application of bankruptcy law, as the real question is which entity owns the refunds. Some courts view that as a non-core exercise. *Green v. FDIC (In re Tamalpais Bancorp.)*, ___ B.R. ___, Case No. C 11-76, 2011 WL 999225 (N.D. Cal. Mar. 21, 2011).

Nevertheless, "core" jurisdiction does not preclude withdrawal of the reference if factors in § 157(d) apply. *See, e.g.*, *Exxon Corp.*, 932 F.2d at 1026 ("Yet matters within this 'core' jurisdiction, upon timely motion, must be withdrawn under § 157(d) if they require the bankruptcy court to substantially interpret federal statutes which affect interstate commerce."); *White Motor Corp.*, 42 B.R. at 701 ("Looking to the text and history of § 157(d), it must be concluded that the withdrawal mechanism is clearly applicable to core proceedings as defined by § 157(b).").

The FDIC also asserts that FIRREA's limitation on judicial review[1] deprives this court of jurisdiction over the trustee's claims. While by its plain language, that statutory section applies to actions concerning "the assets of" a depository institution in receivership – a matter which has yet to be determined – the statute also extends to "any action seeking a determination of rights with respect to[] the assets" of the bank. That language appears broad enough to include within its scope the claims of the trustee's adversary proceeding and the ascertainment of whether the refunds constitute assets of the bank.

IV. Conclusion

Under the circumstances, the existence of FIRREA's jurisdictional bar would seem to preclude this court's involvement in the adversary proceeding. Mandatory withdrawal of the adversary proceeding is necessary because the resolution of the trustee's claims regarding the tax refunds will necessitate the interpretation of non-bankruptcy law for which the district court is better equipped. Finally, permissive withdrawal appears to be appropriate for reasons of judicial efficiency. The issues in the two cases overlap only as to the refund issue, but the potential for duplication of efforts and conflicting outcomes does exist. The better use of judicial resources would dictate that the D.C. district court move forward with the entire lawsuit, rather than staying a portion of it while the adversary proceeding progresses in this court.

Therefore, I respectfully recommend to the United States District Court for the District of Nebraska that it withdraw the reference of this adversary proceeding and transfer same to the United States District Court for the District of Columbia to be consolidated with the case of *Rick D. Lange, solely as Chapter 7 Trustee for TierOne Corporation v. Federal Deposit Insurance Corp.*, Case No. 1:11CV472-RLW.

---

[1] 12 U.S.C. § 1821(d)(13)(D):

(d) Powers and duties of Corporation as conservator or receiver

. . .

(13) Additional rights and duties

. . .

(D) Limitation on judicial review

Except as otherwise provided in this subsection, no court shall have jurisdiction over –

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED: May 27, 2011.

                                        RESPECTFULLY SUBMITTED,

                                        /s/ Thomas L. Saladino
                                        Chief Judge

Notice given by the Court to:
       *Robert J. Bothe
       *Robert P. Diederich
       Brian S. Kruse
       U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.